IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11MC198-RJC-DSC

IN RE: NCAA STUDENT-ATHLETE NAME )
and LIKENESS LICENSING LITIGATION, )
) **MEMORANDUM AND ORDER**
Civil Action Pending in the United States )
District Court for the Northern District )
of California, No. 4:09cv01967-CW )
)
_____ )

**THIS MATTER** is before the Court on Plaintiffs Ed O'Bannon et. al.'s "Motion to Compel Non-Party Raycom Sports LLC to Produce Documents in Response to Subpoena ... " (document #1) filed December 19, 2011, and the parties' associated briefs and exhibits. See documents ## 2, 5, 8 and 10-11.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636, and this Motion is now ripe for the Court's consideration.

Having carefully reviewed the pleadings, record, arguments of counsel, and applicable authority, the Court will grant in part and deny in part Plaintiffs' Motion, as discussed below.

Plaintiffs filed the above-captioned antitrust class action lawsuit (the "underlying litigation") in the Northern District of California against Defendants National Collegiate Athletic Association ("NCAA"), Collegiate Licensing Company ("CLC"), and Electronic Arts Inc. ("EA") (collectively "Defendants"). Plaintiffs include former college basketball and football players from various eras and schools.

The Complaint alleges that the NCAA, its member schools and conferences, and other co-conspirators have violated the antitrust laws by conspiring to foreclose Plaintiffs and class members from receiving compensation for the commercial exploitation of their names, images,

and/or likenesses following their college careers. The Complaint further alleges that the NCAA, its members, and its for-profit business partners reap billions of dollars in revenue from the commercial exploitation of student athletes' images through television broadcasts and rebroadcasts.

Plaintiffs began merits discovery and served subpoenas on various non-parties, including Raycom Sports LLC ("Raycom"), whose business consists entirely of broadcasting NCAA Division I athletic contests. Raycom objected to the subpoena, which prompted the filing of the subject Motion to Compel.

As the parties state in their briefs, they have "narrowed" and "prioritized" the categories of documents that Plaintiffs seek pursuant to the subpoena as follows:

Request 1. television or broadcast agreements involving NCAA Division I Football Bowl or NCAA Men's Division I Basketball and related documents;

Request 2. licensing agreements in which the license granted includes rights to the names, images, or likenesses of student athletes and related documents;

Request 3. royalty or revenue reports, relating to these contracts and agreements;

Request 4. documents regarding who has rights to license, use, or sell products containing images of former student athletes, including any consent forms used by Raycom;

Request 5. policies governing when Raycom must or should secure a likeness release or consent form from a student athlete;

Request 6. documents relating to policies regarding copyright, ownership and/or licensing of products utilizing or incorporating the name, image, or likeness of student athletes;

Request 7. documents relating to EA Sports video games; and

Request 8. documents concerning or referencing the current litigation.

Raycom concedes that it has documents that are responsive to Request 1 and relate to the

rebroadcast of NCAA Division I Football Bowl or NCAA Men's Division I Basketball, including use of those rebroadcasted events on its "ACC Vault" feature. Raycom argues that these documents are irrelevant to the underlying litigation. The Court finds that the documents relating to the rebroadcast of Division I football or basketball games are relevant and could reasonably lead to the discovery of admissible evidence in the underlying litigation. Accordingly, Raycom will be <u>ordered</u> to produce all such documents.

Raycom represents in its brief that is unaware of any documents in its possession which are responsive to Requests 2-7. Accordingly, the Court will <u>grant</u> Plaintiffs' Motion as to these requests and <u>order</u> Raycom to produce responsive documents or respond by stating in a verified response to the subpoena that it does not possess any such documents.

Raycom responds that Request 8 is overly broad and that responding would be unduly burdensome. The Court <u>sustains</u> Raycom's objection to producing all documents concerning or referencing the current litigation.

Finally, Raycom raises concerns about preserving the confidentiality of any documents it produces in response to the subpoena. The Court finds that the Protective Order entered in the underlying litigation will be sufficient to preserve the confidentiality of Raycom's production generally. To the extent that Raycom contends that any document that is otherwise subject to production under the terms of this Order falls within the attorney-client or attorney work-product privileges, Raycom shall produce a privilege log of those documents.

**NOW, THEREFORE, IT IS ORDERED:**

1. Plaintiffs Ed O'Bannon, et. al.'s "Motion to Compel Non-Party Raycom Sports LLC to Produce Documents in Response to Subpoena ... " (document #1) is **GRANTED IN PART** and **DENIED IN PART**, that is:

A. On or before March 16, 2012, Raycom shall produce all documents responsive to Request 1 that relate to the rebroadcast of any portion of Division I football or basketball games.

B. On or before March 16, 2012, Raycom shall produce all documents responsive to Requests 2 through 7 or shall state in a verified response that it does not possess such documents.

C. To the extent that Raycom contends that any document that is otherwise subject to production under the terms of this Order falls within the attorney-client or attorney work-product privileges, Raycom shall produce a privilege log of those documents.

D. Plaintiffs' Motion is **DENIED** in all other respects.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties and for Raycom; and to the Honorable Graham C. Mullen.

**SO ORDERED**.

Signed: February 16, 2012

David S. Cayer
United States Magistrate Judge